UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff(s),        CASE NUMBER: 06-20185
                                        HONORABLE VICTORIA A. ROBERTS

v.

ALVINO DEWIGHT CORNELIUS,
ALSEDDRICK DEWUNN WEST,

        Defendant(s).
_____/

ORDER

**I. INTRODUCTION AND PROCEDURAL HISTORY**

On August 8, 2008, August 28, 2008, and September 2, 2008, the Court referred several motions to Magistrate Judge Virginia M. Morgan pursuant to 28 U.S.C. §636(b)(1)(A) for a determination.

On January 15, 2009, Magistrate Morgan held a hearing. She issued an "Order on Motions" on January 29, 2009.

Before the Court is Alseddrick Dewunn West's "Objections to Some of Magistrate Judge Morgan's Rulings Contained in Her Order on Motions." (Doc. #294). Alvino Dewight Cornelius joined in Alseddrick's objections.

The Magistrate's "Order on Motions" is **ADOPTED** as to the motions that are the subject of Alseddrick and Cornelius's objections.

**II. ARGUMENTS AND ANALYSIS**

    **A.    Motion for Disclosure of Impeaching Information (Doc. #139)**

1

In his Motion for Disclosure of Impeaching Information, Alseddrick requested an order directing the Government to disclose:

(1)   Felony convictions, guilty verdicts or juvenile adjudications of each Government witness;

(2)   Prior misconduct or bad acts attributed to each Government witness;

(3)   Consideration given to or on behalf of each Government witness;

(4)   Each occasion on which the Government witnesses testified before any court, grand jury, and other tribunal or body, and/or otherwise narrated the details of this investigation or the facts of this case; and

(5)   Records and information that: (a) are helpful or useful to the defense in impeaching a Government witness; (b) detract from the probative force of the Government's evidence; (c) could lead to the discovery of such records or information; or (d) is material either to Alseddrick's guilt or punishment.

According to Alseddrick, the Government must disclose "impeaching information" before trial so he can use it effectively.

Alseddrick and Cornelius ask the Court to reverse the Magistrate's denial of document number 139 based on statements the Magistrate made during the January 15th hearing:

> In all of those cases [that say the Court does not have authority to enter a pretrial order requiring the Government to disclose impeaching information, and it is constitutional to provide defense counsel impeaching information in the midst of trial], every continuing single one was before the Gonzalez Justice Department[; and]
>
> I would caution [the Government] again that all these cases were decided awhile back and things might be changing.

The statements Alseddrick and Cornelius rely on are simply the Magistrate's thoughts and opinions and are not a basis to grant their request.

Further, the Government represented to the Court during the January 15th

hearing that it intends to disclose all *Brady*, *Giglio*, and other "impeaching information" before trial and in enough time for Defendants to make effective use of the information.

However, the Court agrees with the Magistrate's statement; the Government is urged to disclose as much as possible to the Defendants as far in advance as possible.

### B.    Motion for Disclosure Pursuant to Rules 404(b) and 609 of the Federal Rules of Evidence (Doc. #130)

In his Motion for Disclosure Pursuant to Rules 404(b) and 609 of the Federal Rules of Evidence, Alseddrick requested an order directing the Government to inform defense counsel before trial if it will introduce Alseddrick or a co-conspirator's prior bad acts as well as the specific evidence (including witnesses) it will use to introduce the prior bad acts.

Cornelius joined in Alseddrick's motion.

Alseddrick and Cornelius ask the Court to reverse the Magistrate's denial of document number 130; they believe there is a disagreement about the scope of Fed. R. Evid. 404(b). Alseddrick and Cornelius believe evidence that the Defendants were involved in drug trafficking before the murder qualifies as Rule 404(b) evidence, but say the Government disagrees. Alseddrick and Cornelius request an order that requires the Government to provide notice of its intent to use drug trafficking evidence at trial.

While the Government does not believe evidence of drug trafficking qualifies as Rule 404(b) evidence, it represented to the Court during the January 15th hearing that it will provide defense counsel notice before it introduces such evidence. The Government says the notice will be provided whether the drug trafficking evidence qualifies as Rule 404(b) evidence or not, "because the last thing we want to do is

3

surprise the Judge or Defense counsel."

Based on the Government's representations, the Court denies Alseddrick and Cornelius's request as unnecessary.

### C. Motion to Require Notice of the Government's Intention to Inquire on Cross Examination of the Defendants as to Specific Instances of Conduct Under Rule 608(b) of the Federal Rules of Evidence (Doc. #117)

In his Motion to Require Notice of the Government's Intention to Inquire on Cross Examination of the Defendants as to Specific Instances of Conduct Under Rule 608(b) of the Federal Rules of Evidence, co-Defendant Roy Christopher West requested an order directing the Government to provide notice at least two weeks before trial of its intention to inquire into Defendants' specific instances of conduct on cross examination.

Roy was concerned that: (1) defense counsel will be surprised and inadequately prepared if the Government asks Defendants about specific instances of conduct they do not know about; and (2) a co-Defendant's specific instances of conduct may require severance.

Alseddrick and Cornelius joined in Roy's motion. However, only Alseddrick and Cornelius object to the Magistrate's denial of document number 117.

The Court declines Alseddrick and Cornelius's request to reverse the Magistrate's decision to deny Roy's motion. First, the Government represented to the Court during the January 15th hearing that it will notify the Court and defense counsel either at a bench conference or at the beginning of trial of the specific instances of conduct it intends to ask Defendants about on cross examination. According to the Government, it "would not surprise the Defense or the Court with evidence[.]".

4

Second, Defendants do not cite authority to support their position that the Government is required to disclose Rule 608(b) evidence before trial. Indeed, "[u]nlike Rule 404(b), . . . Rule 608(b) does not require advance notice of the prosecutor's intent to use specific instances of defendant's conduct to impeach the defendant when he testifies." *United States v. Tomblin*, 46 F.3d 1369, 1388 n.51 (1995) (citing *United States v. Baskes*, 649 F.2d 471, 477 (7th Cir. 1980)).

**D. Motion for a Hearing or for a Written Proffer on Admissibility of Co-Conspirators' Statements Under FRE 801(d) (Doc. #118) and Motion for Pretrial Disclosure and Hearing as to the Admissibility of Coconspirator Statements Pursuant to Rule 801(d)(2)(E) (Doc. #147)**

In his Motion for a Hearing or for a Written Proffer on Admissibility of Co-Conspirators' Statements Under FRE 801(d), Roy requested a pretrial hearing to determine the admissibility of the co-conspirator statements the Government intends to introduce. In the alternative, Roy asks for a written proffer at least two weeks before trial that sets forth the basis for the admission of co-conspirator statements.

Alseddrick and Cornelius joined in Roy's motion.

In his Motion for Pretrial Disclosure and Hearing as to the Admissibility of Coconspirator Statements Pursuant to Rule 801(d)(2)(E), Alseddrick requested a pretrial hearing to determine the admissibility of co-conspirator hearsay statements.

Cornelius joined in Alseddrick's motion.

At the January 15th hearing, the Magistrate denied Roy and Alseddrick's motions without prejudice to allow this Court to consider the motions *de novo*.

Fed. R. Evid. 801(d)(2)(E) says a statement is not hearsay if "[t]he statement is offered against a party and is . . . a statement by a coconspirator of a party during the

5

course and in furtherance of the conspiracy."

"There are three foundational prerequisites which must be established to admit a coconspirator's statements under Rule 801(d)(2)(E): that a conspiracy existed; that defendant was a member of the conspiracy; and that the declarant's statement was made during the course and in furtherance of the conspiracy." *United States v. Breitkreutz*, 977 F.2d 214, 218 (6th Cir. 1992) (citations omitted). "These preliminary matters are findings of fact to be made by the district court pursuant to Fed.R.Evid. 104(a)." *Id.* The proofs must be established by a preponderance of the evidence. *Id.* (citing *Bourjaily v. United States*, 483 U.S. 171, 176 (1987)).

The Sixth Circuit in *United States v. Vinson*, 606 F.2d 149 (6th Cir. 1979) set forth three alternative methods trial judges may use to structure conspiracy trials. One method is the "mini-hearing" in which the court, without a jury, hears the Government's proof of conspiracy and makes the preliminary finding. If the court finds the hearsay evidence is admissible, the case, including the co-conspirator statements, is presented to the jury. *Vinson*, 606 F.2d at 152.

A second method requires the Government to meet its initial burden at trial by establishing the conspiracy by a preponderance of the evidence before the court admits the co-conspirator statements. *Id.*

The third method allows the judge to admit the co-conspirator statements subject to a later demonstration of their admissibility by a preponderance of the evidence. The court would rule on the defendant's hearsay objection at the conclusion of the Government's case-in-chief. *Id.* at 153.

The Court finds the second method is the most appropriate. Before trial, the

Government must present the statements it intends to use to the Court for an *in camera* review. If the Government establishes Defendants' participation in a conspiracy using non-hearsay evidence, the Court will determine whether the co-conspirator statements are admissible (i.e., whether they were made during the course and in furtherance of the conspiracy).

### E. Motion to Reveal Identity of Informants and Contents of Deals (Doc. #119)

In his Motion to Reveal Identity of Informants and Contents of Deals, Roy requested an order that requires the Government to disclose evidence he can use to show the informants are biased.

Alseddrick and Cornelius joined in Roy's motion. However, only Alseddrick and Cornelius object to the Magistrate's denial of document number 119.

They ask the Court to reverse the Magistrate's denial of Roy's motion, and enter an order that the information requested in the motion be provided in enough time to use it effectively.

The Court declines this request based on the Government's representations at the January 15th hearing that it intends to produce "impeaching information" and witness statements before trial and in enough time for Defendants to make effective use of the information.

Notably, the Government need not disclose the identity of non-testifying informants unless Defendants show disclosure is essential to a fair trial. *See United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992) (citing *United States v. Hanna*, 341 F.2d 906, 907 (6th Cir. 1965)).

F.      **Motion for Early Production of 18 U.S.C. §3500 Material (Doc. #159)**

In his Motion for Early Production of 18 U.S.C. §3500 Material, co-Defendant Marcus Lamont Freeman requested an order directing the Government to produce all 18 U.S.C. §3500 material at least 90 days before trial. According to Freeman, 18 U.S.C. §3500 (witness statements not discoverable until after the witness testifies on direct examination) is an unconstitutional violation of due process in a murder case where he faces life imprisonment without the possibility of parole, if convicted.

Alseddrick and Cornelius joined in Freeman's motion. However, only Alseddrick and Cornelius object to the Magistrate's denial of document number 159.

The Court declines their request to reverse the Magistrate's denial of Freeman's motion for two reasons. First, the Government represented at the January 15th hearing that it is willing to provide the material before trial.

More importantly, the Court does not have the authority to order the production of 18 U.S.C. §3500 material before trial or before a witness testifies. *See United States v. O'Reilly*, 2007 WL 2421488 at *4 (E.D. Mich. Aug. 23, 2007) (in a death penalty case, this Court rejected defendant's argument that 18 U.S.C. §3500 is unconstitutional, and declined to order the Government to produce witness statements prior to the witness testifying on direct examination).

**III.    CONCLUSION**

The Magistrate's "Order on Motions" is **ADOPTED** as to Docs. #139, 130, 117, 118, 147, 119, and 159.

However, while the Court denies Alseddrick and Cornelius's request for a "mini-

8

hearing" to determine the admissibility of co-conspirator statements, the Court does not adopt the Magistrate's recommendation that the statements be conditionally admitted subject to a later demonstration of their admissibility by a preponderance of the evidence. Instead, the Court will use the second method outlined in *Vinson*.

**IT IS ORDERED**.

S/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated: June 5, 2009

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 5, 2009.
>
> s/Carol A. Pinegar
> Deputy Clerk

9