UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

        Plaintiff(s),          CASE NUMBER: 06-20185
                                               HONORABLE VICTORIA A. ROBERTS

v.

**ALVINO DEWIGHT CORNELIUS,**

        Defendant(s).
        _____/

**ORDER DENYING DEFENDANT'S
MOTION FOR SEVERANCE FROM ALL CO-DEFENDANTS**

On April 6, 2006, Roy West, Marcus Freeman, Michael Bracey, Alvino Cornelius, and Alseddrick West were indicted for Conspiracy to Use Interstate Commerce Facilities in the Commission of Murder-for-Hire, in violation of 18 U.S.C. §1958. The Indictment alleges: (1) Defendants conspired to travel from Ohio to Michigan with the intent that Leonard Day be killed; (2) Cornelius expressed an intent to kill Day; (3) guns were seized on November 12, 2005 from the Pontchartrain Hotel where Roy and Alseddrick stayed; and (4) Day was killed on December 20, 2005.

Before the Court is Cornelius' "Motion for Severance from All Co-Defendants." (Doc. #366). Cornelius asks the Court to sever his trial from all co-Defendants because he was not at the Pontchartrain Hotel when the guns were seized, evidence that guns were seized is irrelevant and unduly prejudicial, and admission of such evidence would violate his Fifth Amendment rights.

Fed. R. Crim. P. 14(a) says "If the joinder of . . . defendants in an indictment . . .

1

appears to prejudice a defendant . . ., the court may . . . sever the defendants' trials[.]" Cornelius has the burden to show a "specific and compelling prejudice" arising from the joint trial. See United States v. Harris, 9 F.3d 493, 500 (6th Cir. 1993).

While Cornelius was not at the Pontchartrain Hotel when the guns were seized, his co-Defendants' action of bringing guns to the hotel was meant to further the alleged conspiracy to kill Day, and would be admissible against Cornelius in a separate trial. See United States v. Reyes, 2002 WL 31269661 at **3 (6th Cir. Oct. 9, 2002) (a co-defendant's overt act in furtherance of the charged crime is admissible against the defendant in a separate trial).

Because evidence that his co-Defendants brought guns to the Pontchartrain Hotel and the guns were seized would be admissible in a separate trial, Cornelius cannot show he would be prejudiced by a joint trial in which the Government admits such evidence.

Cornelius' motion is **DENIED**.

**IT IS ORDERED.**

S/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated: November 13, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 13, 2009.

s/Carol A. Pinegar
Deputy Clerk